UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SWATI BHAKTA-GALLIER, Individually, and On Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>v.<br><br>TENET HEALTHCARE CORPORATION, d/b/a Cypress Fairbanks Medical Center,<br><br>　　Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

#### I.    SUMMARY OF SUIT

1.　　Tenet Healthcare Corporation fails to compensate non-exempt nurses as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (FLSA) and by Texas state law for work performed during meal breaks.

2.　　An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of demonstrating that the employee received a bona fide meal period which primarily benefited the employee. Tenet Healthcare Corporation ("Tenet"), however, does not provide bona fide meal periods for its nurses who are responsible for direct patient care. The nurses are required to remain responsible for patient care throughout their shifts, while Tenet automatically deducts 30 minutes of compensable time from their shifts for a hypothetical meal break. Although Tenet nominally offers a means for nurses to report missed meal breaks, in practice the company systematically discourages nurses from doing so. The net effect is that Tenet enriches itself at its employees' expense by deducting 30 minutes of compensable time from the nurse's shift for a hypothetical bona fide meal period. Moreover, when nurses do attempt to eat, interruptions abound. As they are not completely relieved of duties during meal periods

1

and are not paid for those on-duty meal periods, Tenet's policies and practices result in the denial of regular wages due under Texas state law, and in the denial of overtime wages due under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA" or the "Act").

3. Plaintiff SWATI BHAKTA-GALLIER is a registered nurse who worked at Cypress Fairbanks Medical Center Hospital in Houston, Texas, a facility owned and operated by Tenet Healthcare Corporation during the period material to this suit. She is similarly situated to the following classes of Tenet employees:

**FLSA Class:**

**Nurses employed by Tenet Healthcare Corporation system at Cypress Fairbanks Medical Center at any time during the three years before this Complaint was filed up to the present, who had 30 minutes automatically deducted from their shifts for meal break periods, and who worked more than 40 hours per week including the unpaid meal periods, in one or more weeks of employment.**

**Rule 23 Class:**

**Nurses employed by Tenet Healthcare Corporation system at Cypress Fairbanks Medical Center at any time during the four years before this Complaint was filed up to the present, who had 30 minutes automatically deducted from their shifts for meal break periods, and who worked 40 or fewer hours per week including the unpaid meal periods, in one or more weeks of employment.**

4. Tenet violated the FLSA and state law by knowingly and willfully permitting Plaintiff to perform work throughout her shifts and/or to remain on duty during meal break periods while simultaneously and automatically deducting 30 minutes' worth of compensable time from each shift worked. Tenet had notice that Plaintiff expected to be paid for her work on an hourly basis, and it received the value of the work performed by Plaintiff during the supposed meal periods without compensating her for those services. Tenet deliberately and willfully failed to pay Plaintiff and other nurses the compensation owed for meal break work in order to keep its labor costs down and to enrich itself at their expense.

5. Tenet's conduct violated the FLSA because non-exempt employees such as Plaintiff must be paid at one and one-half times their regular rate of pay for all hours worked in excess of 40 within a single week. *See* 29 U.S.C. § 207(a). Tenet's failure to pay Plaintiff for the

worked 30-minute meal break periods effectively deprived her of some of the overtime compensation to which she was entitled in the weeks in which she worked more than 40 hours.

6. Tenet's conduct violated state law because it had an enforceable agreement with Plaintiff whereby Plaintiff agreed to perform work for Tenet and in return Tenet was to pay Plaintiff an agreed hourly rate for all time in which she performed compensable work. By failing to pay for the worked meal break periods,[1] Tenet breached that agreement. Even assuming, arguendo, the lack of an enforceable agreement, Tenet received and accepted valuable services from Plaintiff with notice that she expected to be paid hourly for those services, and it failed to pay Plaintiff for all services performed, specifically, for those services performed on Tenet's behalf during the supposed meal periods.

7. Plaintiff files this action to recover unpaid wages and other damages owed to her and to her similarly-situated coworkers under the FLSA and state law as a result of Tenet's actions and policies implemented so as to deprive Plaintiff of her lawfully-earned wages.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. The Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Southern District of Texas because Tenet operates or operated Cypress Fairbanks Medical Center in Houston, Texas and because a substantial portion of the events forming the basis of this suit occurred in this District.

## III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff SWATI BHAKTA-GALLIER is an individual residing in Harris County, Texas. Ms. Bhakta-Gallier was employed as a nurse by Tenet at its Cypress Fairbanks Medical

---

[1] The state law claims are limited to those weeks in which Plaintiff did not work more than 40 hours in a week with the unpaid meal break hours included. There is no overlap between the FLSA and state law claims.

Center Hospital facility from approximately August 2015 through early March 2017. Ms. Bhakta-Gallier's written consent form is attached to this complaint as Exhibit "A."

10. Tenet Healthcare Corporation is a domestic, not-for-profit corporation. Its registered agent, CT CORPORATION SYSTEM, at 1999 Bryan St., Ste. 900 Dallas, TX 75201 can be served with process in this case.

### IV. FLSA COVERAGE

12. At all material times, Tenet has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

13. At all material times, Tenet has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

14. Plaintiff was an employee of Tenet within the meaning of 29 U.S.C. § 203(e).

15. At all material times, Tenet has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had and continues to have employees engaged in commerce. 29 U.S.C. §203(s)(1).

16. Tenet has had and continues to have an annual gross business volume not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. §203(s)(1)(A)(ii).

17. In addition to Plaintiff, Tenet employs numerous employees who are medical care staff employed in or involved with interstate commerce. Tenet directly engages in interstate commerce as it order supplies across state lines, conduct business deals with merchants across state lines, and process patients' credit card payments with banks operating in other states.

18. At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. § 207.

### V. FACTS

19. Tenet Healthcare Corporation operates a chain of hospitals nationwide that provide healthcare services. Tenet's network of hospital facilities includes a number of facilities within

4

the State of Texas and includes—or included during the time period material to this suit—Cypress Fairbanks Medical Center Hospital in Houston, Texas.

20. During the period material to this suit, Tenet had a payroll policy of automatically deducting 30 minutes from each shift worked by its hourly-paid nurses, in theory to account for a meal break period. As nurses were required to remain on duty during meal periods, assuming they took one, and as they were routinely interrupted and subject to work demands when they did, the practical effect of the policy was to deprive nurses of 30 minutes of compensation for each of their shifts worked. From a practical, professional, ethical and legal standpoint, nurses are never relieved of the duty to respond to calls and questions from patients, families, medical staff, and must respond to emergencies and other job-related exigent circumstances, even during their meal breaks.

21. Tenet requires nurses to clock in at the beginning and end of their shifts, but does *not* require them to clock out at the beginning of their meal periods or to clock back in at the end of their meal periods. Instead, Tenet automatically deducts 30 minutes from each shift worked, notwithstanding its actual knowledge that its nurses do not get bona fide meal breaks.

22. Tenet's policy of automatically deducting paid shift time applies to all of its hourly-paid, non-exempt direct patient care nurses working throughout its hospital system nationwide and, in particular for purposes of this lawsuit, to its Texas hospitals and to Cypress Fairbanks Medical Center Hospital during the time period material to this case.

*Plaintiff's Employment*

24. Plaintiff was employed as a registered nurse at Tenet's Cypress Fairbanks Medical Center Hospital facility from late August 2015 through early March 2017. As a nurse, Plaintiff's primary responsibilities included providing direct patient care, to include interacting with patients, administering medicine, monitoring blood-work and patient test results, medical charting, providing assistance to physicians as needed, interacting with and answering questions from other hospital employees and visitors, and responding to emergency situations. Plaintiff was

5

paid an hourly wage for this work which ranged from $38.85 per hour at the beginning of her employment to $44.57 at the end of her employment. She worked five 8.5-hour shifts per week from which Tenet automatically deducted 30 minutes for hypothetical meal breaks, using Kronos timekeeping software to make the deductions. She also was on-call throughout the month, and was periodically called in. Plaintiff was required to be available and to perform work throughout her entire shift; was required to carry a hospital-issued pager telephone and to respond to calls; rarely attempted to take meal breaks and, on the few occasions when she attempted to take a meal break, was interrupted on a regular basis. Plaintiff missed meal breaks or worked through them with the actual knowledge of her supervisors, and she was not paid for the time she spent engaged in this work.

25. In view of the fact that Plaintiff worked at least five 8.5-hour shifts in each week of her employment where she was not out sick or on vacation, she accrued at least 2.5 hours of unpaid overtime under the FLSA in each such week, as reflected by Tenet's records. In the weeks in which she did not work at least five 8.5-hour shifts. Plaintiff is separately owed wages under state law at a straight-time rate for the time automatically deducted from her shifts.

*FLSA Collective Action and Rule 23 Class Facts*

26. Class Members are hourly-paid nurses employed by Tenet at Cypress Fairbanks Medical Center to perform direct patient care, work materially similar to that performed by Plaintiff.

27. Class Members performed their jobs under the supervision of Tenet's supervisors and agents, and they used materials and technology approved and supplied by Tenet.

28. Class Members were required to follow and abide by Tenet's common work, time, pay, and overtime policies and procedures applied across its hospital system, including in its Texas hospitals and at Cypress Fairbanks Medical Center in particular.

29. At the end of each pay period, Class Members received hourly-based wages from Tenet.

6

30. Each FLSA Class Member worked at Cypress Fairbanks Medical Center for more than 40 hours in at least one workweek during the three years before this Complaint was filed.

31. Each Rule 23 Class Member worked at Cypress Fairbanks Medical Center for fewer than 40 hours in at least one workweek during the four years before this Complaint was filed.

32. Class Members were equally subject to Tenet's common policy of using Kronos or similar timekeeping software to automatically deduct 30 minutes from each shift worked for meal periods.

33. Tenet expected and required Class Members to be available to work during their entire shifts, including during hypothetical meal break periods deducted from their compensable shift time.

35. Throughout the relevant period, Tenet knew that Plaintiff and Class Members regularly missed meal breaks or performed work during meal breaks, and were available to perform such work, because Tenet's supervisors and agents regularly encouraged, instructed, suffered and permitted Plaintiff and Class Members to perform and to be available to perform such work, and said supervisors and agents observed the work being performed.

36. Moreover, Tenet required nurses to comply with professional codes of conduct for nurses and to comply with its own policy in each of its hospitals of putting patient safety and health ahead of meal periods, and then failed to pay for the work performed. Tenet and its supervisors and agents were aware that nurses must adhere to professional codes relating to patient care and abandonment, as well as to hospital nursing policies requiring availability to provide patient care throughout a shift, and they accepted the benefit of the work performed during these unpaid meal periods.

37. Throughout the relevant period, Tenet knew that Plaintiff and Class Members, regardless of their specific job title, regularly performed meal break work because Plaintiff and Class Members routinely engaged in meal break work at Cypress Fairbanks Medical Center, in

7

plain sight of their supervisors, and at their supervisors' request. Even on the rare occasions when Plaintiff and Class Members were not interrupted in their attempts to take meal breaks, they still provided a valuable benefit to Tenet by the mere act of being immediately available to address patient health and safety issues.

38. As a result, throughout the relevant period, Tenet and its supervisors and agents knew that Plaintiff and Class Members were not being properly compensated for all of their work. Tenet deliberately instituted policies and practices at Cypress Fairbanks Medical Center which led to Plaintiff and Class Members performing unpaid work, and then just as deliberately failed to pay Plaintiff and Class Members for the valuable services rendered.

39. On information and belief, Tenet has employed in excess of one hundred persons at Cypress Fairbanks Medical Center who meet the definitions of the FLSA and Rule 23 Class Members given in this Complaint (at paragraph 3, above) during the three-year and four-year statutory limitations periods applicable to the FLSA and the state-law claims, respectively.

## VI. CAUSES OF ACTION

A. VIOLATION OF 29 U.S.C. § 207 – OVERTIME (FLSA COLLECTIVE ACTION)

40. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

41. Plaintiff brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of herself and all of Tenet's employees meeting the FLSA Class definition in paragraph 3, above.

42. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per week. However, Tenet has not compensated Plaintiff and the FLSA Class Members for worked meal breaks as previously described, and this has resulted in Plaintiff and the FLSA Class Members not receiving all of the overtime pay due to them under the Act.

43. Plaintiff is similarly situated to the FLSA Class Members who, like her, are non-exempt, hourly-paid nurses who perform or have performed direct patient care work for Tenet at

Cypress Fairbanks Medical Center. FLSA Class Members regularly work or have worked in excess of 40 hours during a workweek, as did Plaintiff, and they were all subject to the automatic deduction of 30 minutes from their worked shifts, as was Plaintiff. The claims of Plaintiff and the FLSA Class Members arise from a common nucleus of operative facts, namely, Tenet's policy of automatically deducting 30 minutes of compensable time from each shift for meal break periods which comprised time worked for Tenet's predominant benefit.

44. Tenet cannot satisfy its burden of proof to demonstrate that Plaintiff and FLSA Class Members received bona fide meal breaks in exchange for the 30-minute periods automatically deducted from their wages.

45. Plaintiff has actual knowledge that FLSA Class Members have been denied compensation for their meal breaks worked or not taken. Specifically, Plaintiff has actual knowledge that FLSA Class Members have been denied overtime pay for meal break work and would therefore likely join this collective action if provided a notice of their right to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Tenet.

46. Tenet's failure to pay overtime compensation required by the FLSA results from its generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

47. Although Plaintiff and FLSA Class Members may have had different job titles and/or worked in different departments, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

> a. Tenet implemented common scheduling systems and policies at Cypress Fairbanks Medical Center with respect to its non-exempt, direct patient care nurses, and its supervisors and agents had the authority to review, revise and approve nurse work schedules, to include the power to require work to be done during the meal break periods at issue in this suit;
>
> b. Tenet implemented common timekeeping systems and policies with respect to Plaintiff and FLSA Class Members;
>
> c. Tenet implemented common payroll systems and policies with respect to

9

Plaintiff and FLSA Class Members; and

d. Tenet controlled the meal break work policies and practices at issue in the litigation and had the ability to deprive Plaintiff and FLSA Class Members of wages owed for work performed, and in fact did so by automatically deducting 30 minutes of compensable time from each shift worked without providing Plaintiff and the FLSA Class with bona fide meal breaks.

48. Although the exact amount of damages may vary among FLSA Class Members, those damages can be easily calculated, summed, and allocated based on a simple formula predicated upon the number of shifts worked as reflected in Tenet's records and the individual's hourly rate.

49. Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will number around 100 people. The precise number of FLSA Class Members should be readily available from Tenet's personnel, scheduling, and time and payroll records for Cypress Fairbanks Medical Center, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Class Members of the collective action are discoverable from Tenet. Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

50. Tenet's failure to pay Plaintiff and FLSA Class Members for all overtime hours worked was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

B. VIOLATIONS OF TEXAS STATE LAW (RULE 23 CLASS ACTION)

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursues state-law class action claims for breach of contract, quantum meruit, and unjust enrichment against Tenet.

53. Plaintiff seeks certification of the Rule 23 class defined in paragraph 3, above, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Tenet's practice of requiring nurses to remain on duty throughout their shifts while simultaneously deducting 30 minutes of compensable time per shift, thereby requiring unpaid work and failing to pay Plaintiff and other similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for all of their hours worked.

55. Throughout the relevant period, whether through an agreement, handbook, and/or policy concerning the provision of meal breaks, Tenet promised to provide Plaintiff and Rule 23 Class Members with one unpaid meal break per shift.

56. Throughout the relevant period, Tenet routinely and knowingly required and allowed Plaintiff and Rule 23 Class Members to remain on duty and to perform work throughout their shifts, including during all unpaid meal breaks.

57. As a result of the common work, time, pay, and meal break policies and procedures in place at Tenet's Cypress Fairbanks Medical Center facility during the relevant period, Plaintiff and Rule 23 Class Members are similarly situated regardless of their precise job titles or hospital department, as they were all regularly deprived of pay owed for meal break work performed in workweeks in which Plaintiff and the Rule 23 Class Members worked 40 hours or fewer.

58. As a result of its improper conduct, Tenet has retained money it should have paid to Plaintiff and to the Rule 23 Class Members for work performed. By retaining this money, Tenet received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

59. Plaintiff's state-law claims against Tenet for breach of contract, quantum meruit, and unjust enrichment all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

60. **Numerosity**. The class satisfies the numerosity standard as, on information and belief, the number of nurses within the class definition is believed to number substantially over 100 persons. Consequently, joinder of all Rule 23 Class Members in a single action is impracticable. Plaintiff notes that the data required to calculate the precise size of the class is within the sole control of Tenet.

61. **Commonality**. There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Tenet's actions include, without limitation, the following:

   a. Whether Tenet had a policy and practice of requiring nurses at Cypress Fairbanks Medical Center to remain on duty throughout their shifts including during any uncompensated meal breaks;

   b. Whether Plaintiff and Rule 23 Class Members performed unpaid work during their shifts;

   c. Whether having nurses remain available throughout the shift to tend to patient health and safety issues provides a valuable service to Cypress Fairbanks Medical Center;

   d. Whether Tenet's supervisors and agents directed, required, requested, and/or permitted Plaintiff and Rule 23 Class Members to work during unpaid meal breaks;

   e. Whether Tenet's supervisors and agents knew or should have known that Plaintiff and Rule 23 Class Members were not compensated for work performed during unpaid meal breaks;

   f. Whether Tenet entered into agreements with Plaintiff and Rule 23 Class Members concerning payment for all work performed, and whether Tenet breached such agreements;

   g. Whether Tenet derived a benefit from nurses being available and being required by professional codes of conduct and hospital policy to respond to the needs of patients throughout a shift, including during unpaid meal periods;

   h. Whether valuable services were rendered to Tenet by the Plaintiff and Rule 23 Class Members during unpaid meal break times and during

        postshift work, and whether Tenet accepted the benefit of Plaintiff' and Rule 23 Class Members' unpaid services;

    i.    Whether Tenet was unjustly enriched by Plaintiff's and Rule 23 Class Members' unpaid work; and

    j.    Whether the proper measure of damages, including the reasonable value of services performed, can be based upon the agreed hourly rate of pay.

62.    **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective Rule 23 Class Members. Like the Rule 23 Class Members, Plaintiff worked as a nurse for Cypress Fairbanks Medical Center during the period material to the suit. Like the Rule 23 Class Members, Plaintiff was and is subject to the same system-wide policy requiring nurses to remain on duty throughout their shifts while Tenet uniformly deducted 30 minutes of pay from each shift worked. Like the Rule 23 Class Members, Plaintiff was and is subject to the same professional code of conduct and hospital policies requiring nurses to place availability to tend to their patients above all other concerns, even during unpaid meal periods. These and the other facts previously set forth in this Complaint apply equally to Plaintiff and the Rule 23 Class Members.

63.    **Adequacy**. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the Rule 23 Class Members they seek to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and by the undersigned counsel, who has extensive experience in employment and class action lawsuits.

64.    **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if each and every member of the Class could afford to pursue individual litigation against a company the size of Tenet Healthcare Corporation, doing so would unduly burden the court system. Individual litigation of more than 100 claims would magnify the delay and expense to all parties and would flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of

inconsistent and varying judicial results and would run the risk of establishing incompatible standards of conduct for Tenet. A single class action is appropriate to determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

### COUNT ONE: BREACH OF CONTRACT

65. Plaintiff re-alleges and incorporate all allegations contained in the foregoing paragraphs.

66. A valid and enforceable agreement existed between Plaintiff and Tenet, and between each Rule 23 Class Member and Tenet, the terms and conditions of which included, but were not limited to, an agreement by the individual nurses to perform services for Tenet, and for Tenet to pay those nurses at an agreed hourly rate for all time spent performing compensable work.

67. Plaintiff and the Rule 23 Class Members duly performed under the agreement at Tenet's direction and for Tenet's benefit.

68. Tenet failed and refused to perform its obligations under the agreement by deducting 30 minutes of pay from each shift worked by Plaintiff and Rule 23 Class Members notwithstanding the fact that the time deducted was work time used for the benefit of Tenet, thereby failing to compensate Plaintiff and Rule 23 Class Members for all of their time worked.

69. Plaintiff and Rule 23 Class Members are entitled to recover damages sustained over the last four years from Tenet's breach.

70. Plaintiff and Rule 23 Class Members are entitled to costs and attorneys' fees for breach of contract.

### COUNT TWO: QUANTUM MERUIT

71. Plaintiff re-alleges and incorporate all allegations contained in the foregoing paragraphs. This claim is plead in the alternative to the breach of contract claim.

72. Plaintiff and Rule 23 Class Members performed valuable services for Tenet during their unpaid 30-minute meal break periods.

73. These services had a reasonable value no less than the hourly rate agreed between Tenet and each individual nurse.

74. Tenet accepted and retained the benefit of the valuable services performed by Plaintiff and the Rule 23 Class Members.

75. No contract exists between Plaintiff and Tenet, or between the Rule 23 Class Members and Tenet, regarding the provision of services during unpaid meal break periods.

76. Tenet had reasonable notice and/or knowledge that Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for Tenet.

77. Tenet failed to pay Plaintiff and Rule 23 Class Members the reasonable value of the services they performed during unpaid meal break periods.

78. Plaintiff and Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

79. Plaintiff and Rule 23 Class Members are entitled to attorneys' fees and costs for this claim.

### COUNT THREE: UNJUST ENRICHMENT

80. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

81. Tenet has been unjustly enriched at the expense of the Plaintiff and Rule 23 Class Members by failing to pay for work performed by Plaintiff and Rule 23 Class Members during meal periods.

82. Tenet knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Rule 23 Class Members during meal break periods, despite its policy and practice of failing to pay Plaintiff and Rule 23 Class Members for such work. In particular, Tenet received the benefit of the labor and services provided to Tenet's customers (patients) by Plaintiff and Rule 23 Class Members.

83. Such wrongful conduct demonstrates bad faith and undue advantage on the part of Tenet.

84. It would be unjust and inequitable for Tenet to retain the benefit of the unpaid work performed by Plaintiff and Rule 23 Class Members.

## VII. DAMAGES SOUGHT

85. Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

86. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

87. Plaintiff and FLSA Class Members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

88. Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract; or, in the alternative, the reasonable value of the services they provided, all monies held by Tenet that belong to Plaintiff and Rule 23 Class Members, the value by which Tenet was unjustly enriched by receiving the unpaid labor; as well as attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and such other relief the Court deems fair and equitable.

## VIII. JURY DEMAND

89. Plaintiff hereby requests a trial by jury.

## IX. PRAYER

90. For the foregoing reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

   b. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure;

   c. An order finding that Tenet Healthcare Corporation violated the FLSA;

    d.      An order finding that the FLSA violations were willful;

    e.      All unpaid overtime wages;

    f.      An amount equal to the unpaid overtime wages as liquidated damages allowed under the FLSA;

    g.      All unpaid non-overtime wages;

    h.      Reasonable attorneys' fees, costs, and expenses of this action as provided for by the FLSA and by applicable state law; and

    i.      Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

*/s/ Alex Mabry*
Alex Mabry
State Bar No. 00792043
**MABRY LAW FIRM, PLLC**
10320 Sommerville Avenue
Houston, Texas 77041
Telephone: 832-350-8335
Facsimile: 832-831-2460
amabry@mabrylaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF AND CLASS MEMBERS**