UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SWATI BHAKTA-GALLIER, Individually and on behalf of all others similarly situated, § § § § Plaintiffs, § VS. § TENET HEALTHCARE CORPORATION § d/b/a CYPRESS FAIRBANKS MEDICAL § CENTER, § § Defendant. § | CIVIL ACTION NO. 4:17-CV-3178 |

## OPINION AND ORDER COMPELLING ARBITRATION

## AND ABATING CASE

Pending before the Court in the above referenced cause is Defendant Tenet Healthcare Corporation's motion to compel arbitration and stay action pending arbitration (Doc. 7), unopposed by Plaintiff Swati Bhakta-Gallier, and United States Magistrate Judge Frances Stacy's memorandum and recommendation (Doc. 10) that Defendant's motion to compel arbitration be granted and this action be stayed and abated pending completion of arbitration. No objections have been filed to the Magistrate Judge's memorandum and recommendation.

Nondispositive and dispositive motions may be referred to the magistrate judge for a memorandum and recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. Title 28 U.S.C. § 636(b)(1) provides:

> (A) A judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under

this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) A judge may also designate a magistrate judge to conduct hearings including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Findings to which no specific objections are made require the court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Under this deferential standard of review the court must affirm the magistrate judge's description unless it finds that based on all the evidence it is "left with a definite and firm conviction that a mistake has been committed." *Baylor Health Care Sys. v. Equitable Plan Services, Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013), *quoting U.S. v. Gypsum Co.*, 333 U.S. 364, 395 (1948). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

After a careful review of the record and the applicable law, the Court finds the memorandum and recommendation is not clearly erroneous or contrary to law. The Court concurs with Magistrate Judge Stacy's careful and thorough analysis and accordingly ADOPTS her memorandum and order as its own. Therefore the Court

ORDERS that Defendant's motion to compel arbitration (Doc. 7) is GRANTED and that this action is STAYED and ABATED, pending resolution of the arbitration.

SIGNED at Houston, Texas, this 13th day of March, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE